# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 2:18-cr-148-JLB-MRM

TAFAWAH HORROBIN.

## ORDER

On August 26, 2019, this Court sentenced Tafawah Horrobin to 120 months' imprisonment for conspiring to distribute and possessing with the intent to distribute Fentanyl and 100 grams or more of heroin. (Doc. 151.) Given Mr. Horrobin's substantial assistance to the government, the United States now moves to reduce Mr. Horrobin's sentence to 110 months (i.e., by ten months). (Doc. 206.) Mr. Horrobin filed an amended response seeking a greater reduction, arguing his assistance warrants a sentence reduction of thirty-six months. (Doc. 212.)

Federal Rule of Criminal Procedure 35(b)(1) provides that "[u]pon the government's motion," the district court may reduce a defendant's sentence if the defendant provided substantial assistance in investigating or prosecuting another defendant. Fed. R. Crim. P. 35(b). When the defendant has provided substantial assistance, the government has the power, but not the duty, to file a substantial assistance motion. See Wade v. United States, 504 U.S. 181, 185 (1992) (addressing the government's failure to file a substantial assistance motion in the U.S.S.G. § 5K1.1 context); United States v. McNeese, 547 F.3d 1307, 1308–1309

(11th Cir. 2008) (applying <u>Wade</u> in the Rule 35(b) context); <u>United States v. Manella</u>, 86 F.3d 201, 204 (11th Cir. 1996).

The government may make such a motion more than one year after sentencing if the defendant's substantial assistance involved "information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." Fed. R. Crim. P. 35(b)(2)(B).   Relief under Rule 35(b) is discretionary. <u>See</u> <u>Manella</u>, 86 F.3d at 203.

Mr. Horrobin's assistance led to the conviction of Alphonda Baker, the leader of the drug organization Mr. Horrobin participated in.   Specifically, the government represents that Mr. Horrobin provided drug estimates that the government used in calculating Alphonda Baker's sentencing guidelines.   (Doc. 206 at 2.)   This Court sentenced Alphonda Baker on November 17, 2020.   Judgment in a Criminal Case, <u>United States v. Alphonda Baker</u>, No. 2:19-cr-180-JLB-MRM, (M.D. Fla. Nov. 17, 2020), ECF No. 53.   Mr. Horrobin provided information to the government within one year of his sentencing that the government used in relation to its case against Alphonda Baker more than one year after Mr. Horrobin's sentencing.   <u>See</u> Fed. R. Crim. P. 35(b)(2)(B).

After careful consideration of the government's motion for a 10-month reduction of Mr. Horrobin's sentence for his cooperation and Mr. Horrobin's request for a greater reduction of thirty-six months for the same, the Court finds that a sentence reduction from 120 months' to 110 months' (10 months) imprisonment is

sufficient, but not greater than necessary, to comply with the purposes of sentencing.   Mr. Horrobin made an undercover phone call to Mr. Baker at the direction of law enforcement.   (Doc. 206 at 2.)   He provided monthly information to the government about the amount of drugs that the conspiracy distributed, helping the government attribute those drugs to Mr. Baker.   (Id.)   Mr. Horrobin also agreed to testify at Mr. Baker's sentencing if Mr. Baker challenged that information.   (Id.)   After careful consideration, the Court finds a one-level decrease from the current 120-month sentence appropriate and denies Mr. Horrobin's request for a greater reduction than the 10-month reduction requested by the government.   All other terms of Mr. Horrobin's sentence remain unchanged.

Accordingly, it is **ORDERED** that:

1. The United States of America's Motion for Reduced Sentence Based Upon Substantial Assistance (Doc. 206) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter an amended judgment reducing the sentence imposed to **110 months' imprisonment**, and otherwise leaving all other terms of the original sentence unchanged.

**ORDERED** at Fort Myers, Florida, on March 15, 2021.

_____
**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**